* White, J.
In this case two propositions are insisted on by the counsel of the plaintiff in error: 1. That the court erred in rejecting the parol evidence; 2. That the written contract, on proper construction, is for the sale of a specific lot of hogs, and could not be performed, on the part of Pierce, with hogs purchased subsequently to its date.
The correctness of the second proposition depends on the first; for, unaided by extrinsic evidence, it is clear that the written con- ^ tract is not one for the sale of specific, but of indeterminate chattels.
The ground on which it is claimed the evidence excluded .should have been received, is, -that it tended to identify the .specific hogs embraced in the contract, and thus enable it to be applied to its proper subject-matter.
But careful attention to the facts, sought to be proved, will show that, if they had been allowed to have the effect claimed for them, instead of its being the mere application of a written contract to its appropriate subject, it would have been the substitution of a parol agreement in contravention of the written one, on which the suit was brought.
The facts proposed to be proved were, in substance, that at the date of the contract the plaintiff owned ninety head of hogs. Whether any of them was then fat and merchantable, and of the requisite'weight, does not appear; but it does appear, expressly, that fifteen of the ninety were small, and not such as the contract required; that Pierce was to have the privilege of purchasing ten head to make up the one hundred named in the contract; and that this lot of ten which he did not own, the fifteen small hogs, and the remaining seventy-five owned by Pierce, constituted the specific *434 hundred hogs which Pierce was bound to deliver and Johnson to receive by the terms of the contract.
To give effect to the claim which the counsel of the plaintiff in error deduces from this state of fact, viz., that the several parcels of hogs named, composed the specific hundred head mentioned in the contract, either the plaintiff would have been bound to accept the hogs under the contract, whether they were fat and merchantable and of the required weight, or not, and to accept compensation in damages in case of a ^deficiency; or the contract as to the delivery of the hogs must be construed to be conditional on the fact of all the hogs becoming fat and merchantable, and of the requisite weight, between the date of the contract and the time for delivery.
Either proposition is in plain contradiction of the writing.’
Johnson was not bound to receive hogs that did not fill the description in the written contract, nor was Pierce’s obligation to furnish the whole number called for, of the requisite quality and weight, contingent upon his buying the ten he did not own, or on his success in raising and fattening the ninety he had at the time the contract was made.
The position of the plaintiff’s counsel, moreover, assumes that the parties, in entering into the contract, contemplated a probable default in the delivery of the hogs, rather than the performance of the contract according to its terms. For the buyer could not be required to accept a less number than the whole hundred head; and if any part of them had been lost by death, or otherwise, during the eight months intervening from the date of the contract to the time of its performance ; or if any part of them had failed, at the time of delivery, to come up to the standard as to weight and quality fixed by the contract, the seller would have been disabled thereby from performing, and the buyer would have been deprived of what it was his object, by the contract, to obtain.
The general rule as to the admissibility of extrinsic evidence for aiding the construction of written instruments, has been thus stated by Tin dal, C. J.: “ The general rule I take to be, that where the words of any written instrument are free from ambiguity in themselves, and where external circumstances do not create any doubt or difficulty as to the proper application of those words to claimants under the instrument, or as to the subject-matter to which the instrument relates, such instrument is always to be construed ac *435 cording to the strict, plain common meaning of the words themselves ; and that, in such case, evidence dehors the instrument, for the purpose of explaining it according to the surmised or alleged intention of the parties to the instrument, is utterly inadmissible.”. Shore v. Wilson, 9 Clark & Finn. 565.
In the present case, so far as the evidence offered did not ^directly contradict the terms of the written contract, it was of no legal significance; and, if it had been admitted, it must have been wholly disregarded. The most that can be said of it is, that it would have shown that the parties expected the hogs referred to, to be used in the performance of the contract. If this were so, it ■ is equally true that they abstained from making what they expected a part of their contract.
The instruction asked is founded on Bryan v. Lewis (21 Eng. C. L. 467), and is not now insisted on. That case was overruled in Hibblewhite v. McMorine (5 Mees. & Wels. 462), and is clearly not law.
There was no error in the ruling of the court in excluding the evidence, or in instructing the jury, and the judgment will be • affirmed.
Scott, C. J., and Day, Welch, and Brinkerhoef, JJ., concurred.